UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach

Case No. 00 --Civ-- 9110 ( Ryskamp )

REC'D by _____ D.C.
JAN 16 2001
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

CLOSED CASE

FILED by _____ D.C.
JAN 12 2001
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

FRANKLIN W. BROOKS
AND JOHN L. GARDNER,

Defendants.

## FINAL JUDGMENT AS TO JOHN L. GARDNER

Plaintiff Securities and Exchange Commission ("COMMISSION"), having filed a Complaint for injunctive and other relief (the "COMPLAINT") charging John L. Gardner ("GARDNER") with violations of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78j(b), and Rule 10b-5, 17 C.F.R. §§ 240.10b-5 promulgated thereunder, and GARDNER having executed the annexed Consent and Undertakings of John L. Gardner ("CONSENT"), having admitted to the jurisdiction of this Court over him and over the subject matter of this action, having waived the filing of an Answer pursuant to Rule 12 of the Federal Rules of Civil Procedure and the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, and, without admitting or denying the allegations contained in the COMPLAINT (except as to jurisdiction, which are admitted), having consented to the entry of this Final Judgment as to John L. Gardner ("FINAL

JUDGMENT"), without further notice:

### I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that GARDNER be and hereby is permanently enjoined and restrained from, in connection with the purchase or sale of any securities, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange:

(1) employing any device, scheme or artifice to defraud;

(2) making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(3) engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

in violation of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)], and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5].

### II.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that GARDNER be and hereby is permanently enjoined and restrained from filing or causing to be filed with the Commission any quarterly or periodic report on behalf of Saf T Lok, or any other issuer, required to be filed with the Commission pursuant to Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and the rules and regulations promulgated thereunder, which contains any untrue statement of material fact, which omits to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or which omits to disclose any information required to be disclosed, in violation of Section 13(a)

of the Exchange Act [15 U.S.C. 78m(a)] and Rules 13a-11, 13a-13, and 12b-20 [17 C.F.R. §§ 240.13a-11, 240.13a-13, and 240.12b-20] promulgated thereunder.

### III.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Final Judgment is binding upon GARDNER, his agents, servants, employees, and attorneys-in-fact, and upon those persons in active concert or participation with GARDNER who receive actual notice of this Final Judgment by personal service or otherwise, pursuant to Federal Rule of Civil Procedure 65(d).

### IV.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that GARDNER shall pay civil penalties of $55,000 pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].

### V.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that GARDNER shall deliver, within fourteen (14) business days of the entry of the FINAL JUDGMENT, a United States postal money order, certified check, bank cashier's check, or bank money order in the amount of $55,000, representing the civil penalties described in paragraph III above, to:

> Office of the Comptroller
> Securities and Exchange Commission
> 450 Fifth Street, N.W.
> Mail Stop 0-3
> Washington, D.C. 20549.

The check or money order shall be made payable to the "SECURITIES AND EXCHANGE COMMISSION" and bear on its face the caption and case number of this action and the name of

this Court. GARDNER shall deliver a copy of the check or money order, within fourteen (14) business days of the entry of the FINAL JUDGMENT, to:

> Erich T. Schwartz
> Securities and Exchange Commission
> 450 Fifth Street, N.W.
> Mail Stop 7-6
> Washington, D.C. 20549-0706.

## VI.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the annexed CONSENT be, and hereby is, incorporated herein with the same force and effect as if fully set forth herein.

## VII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that GARDNER shall fully comply with his undertakings as set forth in the annexed CONSENT.

## VIII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this action for all purposes, including implementation and enforcement of this FINAL JUDGMENT.

## IX.

There being no reason for delay, the Clerk of Court is hereby directed, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure to enter this FINAL JUDGMENT forthwith.

*The Clerk of Court shall CLOSE this case and DENY all pending motions as MOOT.*

[signature]
UNITED STATES DISTRICT JUDGE
/Kenneth L. Ryskamp/

Date: Jan. 12, 2001.

4